**Anita S. DONCASTER, Appellant,**

v.

**Gloria Rey HERNAIZ, Appellee.**

**No. 04–04–00324–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 2, 2005.

Armando Trevino, Laredo, for Appellant.

Teresa A. Hunter, Jeffrey J. Czar, Law Office of Jeffrey Czar, Laredo, for Appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Anita Doncaster appeals from a final judgment against her on a suit for collection of a debt. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Gloria and Enrique Hernaiz were long-time customers of the Union National Bank in Laredo, Texas. As such, they had developed a relationship with Anita Doncaster, the bank representative responsible for their accounts. Over the course of their almost 30–year relationship with Doncaster, Mr. and Mrs. Hernaiz authorized three loans to be made to or through her, although the characterization of these transactions is disputed by the parties.

Two of these transactions are directly relevant to the underlying lawsuit and occurred in March and July 1994. Doncaster maintains that she solicited $70,000 in March and another $30,000 in July from Mr. and Mrs. Hernaiz on behalf of a third person, Carlos Garza, as an investment opportunity for Mr. and Mrs. Hernaiz. It is undisputed that the money was not repaid. Doncaster then signed a "Carta de Compromiso" in February 1998. That document provides:

> I, Anita S. Doncaster, ... obligate myself to pay to Mrs. Gloria Rey de Hernaiz, of Mexico, D.F. the sum of $100,000 by April 30, 1998 or before that date with an interest rate of 7% when due. This amount shall be paid to cover the present debt of Mr. Chale Garza d/b/a Chale Garza Investments, Inc. to Mrs. Gloria Rey Hernaiz. To date Mrs. Gloria Rey Hernaiz has a promissory note from Mr. Chale Garza, which is for the same amount. When I pay this promissory note I will receive said document (original). Signed Anita S. Doncaster. Accepted: Signed Gloria Rey Hernaiz.

Again, the money was not repaid. Gloria Hernaiz eventually presented Doncaster with a demand letter. After receiving no response to her demand, Hernaiz filed suit on the debt in March 2002.

On November 14, 2003, Hernaiz filed a traditional motion for summary judgment. In support of her motion, Hernaiz filed six exhibits: (1) a copy of the Carta de Compromiso signed by Doncaster and Hernaiz on February 12, 1998, in Spanish with an English translation; (2) an affidavit from Hernaiz outlining the history of the transactions with Doncaster; (3) an affidavit from Luz Josefina Hernaiz Pardave, executrix of the estate of Enrique Hernaiz, outlining the history of the parties' relationship; (4) a transcript of the deposition of Doncaster; (5) an affidavit from Jeffrey

Czar on the issue of attorney's fees; and (6) a second affidavit from Luz Pardave on the issue of Doncaster's failure to pay the debt established in the Carta de Compromiso.

Doncaster filed objections and a response to Hernaiz's motion for summary judgment, as well as a cross-motion for a no evidence summary judgment. In support of both her response and her motion for summary judgment, Doncaster filed four exhibits: (1) her affidavit describing her relationship and the transactions with Mr. and Mrs. Hernaiz; (2) a translation of an earlier 1992 promissory note to Enrique Hernaiz signed by Doncaster with an accompanying affidavit of the translator; (3) a translation of the 1998 Carta de Compromiso with an accompanying affidavit of the translator; and (4) a translation of a 1999 document signed by Gloria Hernaiz and Doncaster with an accompanying affidavit of the translator.

Hernaiz then supplemented her motion for summary judgment with five additional exhibits: (1) an affidavit from the court interpreter who had translated the Carta de Compromiso; (2) a transcript of the deposition of Carlos Garza; (3) a copy of the 1992 promissory note from Doncaster to Enrique Hernaiz with an accompanying translation and affidavit of the translator; (4) a copy of the 1999 document signed by Gloria Hernaiz and Doncaster with an accompanying translation and affidavit of the translator; and (5) a copy of a February 1998 check from Doncaster payable to Gloria Hernaiz in the amount of $30,000.

An initial hearing was held on January 21, 2004, at which time the trial court postponed deciding Hernaiz's motion for summary judgment for one week to give Doncaster time to respond to the recent supplements to Hernaiz's motion. On January 28, 2004, the court heard argument on Hernaiz's motion for summary judg-

ment. The trial judge made only one explicit ruling on Doncaster's objections to Hernaiz's summary judgment evidence before granting a partial summary judgment in favor of Hernaiz on the debt. A bench trial was held on the issue of attorney's fees on February 6, 2004. The final judgment signed on February 11, 2004 awarded $123,667 to Hernaiz as principal and interest on the debt and $35,800 in attorney's fees, plus additional attorney's fees in the event of appeal. This appeal was timely filed by Doncaster.

### HERNAIZ'S SUMMARY JUDGMENT

#### *Summary Judgment Evidence*

■ In her fourth issue on appeal, Doncaster contends that the summary judgment was not supported by any competent, admissible evidence, and re-asserts her objections to the summary judgment evidence. Summary judgment evidence must be admissible under the rules of evidence. *United Blood Serv. v. Longoria*, 938 S.W.2d 29, 30 (Tex.1997); *see* TEX.R. CIV. P. 166a (f). The admission or exclusion of evidence, however, is generally a matter within the trial court's discretion and we review the trial court's ruling for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998). To warrant reversal, the appellant must show that the trial court's erroneous admission or exclusion of evidence was harmful—that it was calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.APP. P. 44.1; *Owens–Corning Fiberglas Corp.*, 972 S.W.2d at 43. Error on questions of evidence is generally not reversible unless the appellant can show that the whole case turns on the particular evidence admitted or excluded. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *Atl. Mut. Ins. Co. v. Middleman*,

661 S.W.2d 182, 185 (Tex.App.-San Antonio 1983, writ ref'd n.r.e.).

■ At the trial court level, Doncaster objected to the admission of the Carta de Compromiso on the basis that Hernaiz failed to comply with the rules of evidence for admission of a foreign language document; specifically, Doncaster asserts that a translator's affidavit was not submitted with the document at least 45 days before the hearing. TEX.R. EVID. 1009. Rule 1009 provides that a translation of a foreign language document is admissible upon the affidavit of a qualified translator when the affidavit, translation, and foreign language document are served on all parties 45 days prior to trial. *See* TEX.R. EVID. 1009(a). It is undisputed by the parties that Hernaiz did file a copy of the Carta de Compromiso with a translation with her initial summary judgment motion, but failed to attach the translator's affidavit. Later, in response to Doncaster's objections, Hernaiz supplemented her motion with an affidavit from the translator as required by Rule 1009. Because of Hernaiz's late supplementation, the trial court provided Doncaster a one-week continuance before conducting the summary judgment hearing. Rule 1009 provides the court with authority to lengthen or shorten the time limits set by the rule. *See* TEX.R. EVID. 1009(f). We hold that any error in failing to initially provide the affidavit of the translator was cured by its inclusion in the supplement, and it was therefore within the court's discretion to admit and consider the Carta de Compromiso. In addition, Rule 1009 requires the party objecting to the accuracy of a translation to point out the specific inaccuracies in the translation and offer what the objecting party contends is a fair and accurate translation. TEX.R. EVID. 1009(b). Doncaster did not point out any specific inaccuracy in the translation originally of-

fered by Hernaiz and, in fact, submitted her own translation of the document which is not substantially different from that offered by Hernaiz. Because Doncaster submitted her own translation of the same document, there was nothing to prevent the court from referring to this version in evaluating the summary judgment evidence. The trial court did not abuse its discretion in overruling Doncaster's objection and admitting the Carta de Compromiso.

Doncaster raises several other objections about the admissibility of Hernaiz's summary judgment evidence, including that the affidavits contained hearsay and conclusory statements, and failed to comply with Texas Rule of Civil Procedure 166a. The record, however, reveals no trial court ruling on any of these objections. As a general rule, a complaint is preserved for appellate review only if the record establishes the complaint was made known to the trial court in a timely manner, and the trial court ruled on the complaint. *See* Tex.R.App. P. 33.1(a); *Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 316 (Tex.App.-San Antonio 2000, no. pet.). Here, Doncaster failed to obtain a ruling from the trial court on her objections, and has thus waived them. *Well Solutions, Inc.,* 32 S.W.3d at 316. We overrule Doncaster's fourth issue.

In her first issue, Doncaster broadly maintains Hernaiz failed to establish, as a matter of law, her entitlement to summary judgment on the debt action. We review a summary judgment *de novo. Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994); *Valores Corporativos, S.A. de C.V. v. McLane Co., Inc.,* 945 S.W.2d 160, 162 (Tex.App.-San Antonio 1997, writ denied). We uphold a traditional summary judgment only if the summary judgment record establishes the absence of a genuine issue of material fact, and that the movant is

entitled to summary judgment on a ground set forth in the motion. *Well Solutions, Inc.,* 32 S.W.3d at 316.

To succeed on her traditional motion for summary judgment in this suit on an unpaid debt, Hernaiz had the burden to establish (1) the existence of the debt or note; (2) that Doncaster had signed the note; (3) that Hernaiz was the holder of the note; and (4) that a balance was due and owing under the note. *See Hudspeth v. Investor Collection Serv. Ltd. P'ship,* 985 S.W.2d 477, 479 (Tex.App.-San Antonio 1998, no pet.). The parties do not dispute elements two and three—that Doncaster signed the note and that Hernaiz was the holder of the note. Doncaster argues instead that the Carta de Compromiso is ambiguous because it fails to specify the amount of indebtedness and fails to establish that Doncaster is responsible for the debt. A contract is ambiguous, "only when the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning." *Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). We do not agree that the Carta de Compromiso is ambiguous.

The Carta de Compromiso states that the $100,000 pledged by Doncaster is "to cover the present debt of Mr. Chale Garza" and that, "Mrs. Gloria Rey Hernaiz has a promissory note from Mr. Chale Garza, which is for the same amount." We conclude this language is a clear and unambiguous reference to both the amount of the antecedent debt and the existence of the debt. *In the Matter of Vineyard Bay Development Co., Inc.,* 132 F.3d 269, 271 (5th Cir.1998) (holding that the amount of a debt need not be specified in an acknowledgment as long as it is susceptible of ready ascertainment); *Stine v. Stewart,* 80 S.W.3d 586, 590 (Tex.2002) (amount of obli-

gation must be susceptible of ready ascertainment).

The note is equally clear and unambiguous in its identification of Doncaster as the obligor. The Carta de Compromiso begins by stating, "I, Anita S. Doncaster ... obligate myself to pay...." This language is not readily susceptible to any alternative interpretation regarding the intended obligor. *See Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983) (a contract is ambiguous when its meaning is reasonably susceptible to more than one meaning). We perceive no ambiguity in the language of the note; therefore, the introduction of extrinsic evidence to vary the legal effect of the note is precluded. *See Universal C.I.T. Credit Corp.,* 243 S.W.2d at 157 (unambiguous contract will be enforced as written and parol evidence will not be received to create ambiguity or give a meaning different from that which the language imports); *see also Hartford Ins. Co. v. Commerce & Indus. Ins. Co.,* 864 S.W.2d 648, 650 (Tex. App.-Houston [1st Dist.] 1993, writ denied); *Cross v. Ashley Plumbing Co., Inc.,* No. 04–97–00018–CV, 1997 WL 759418, at *2 (Tex.App.-San Antonio Dec.10, 1997, no pet.) (not designated for publication). We hold, based upon the summary judgment evidence, that there were no genuine issues of material fact as to any essential element of Hernaiz's claim against Doncaster on the 1998 Carta de Compromiso; therefore, Hernaiz met her initial burden of proof.

### Affirmative Defenses

Doncaster also argues that the summary judgment must be reversed based on laches, lack of consideration, and estoppel. We disagree. Laches, lack of consideration, and estoppel are all affirmative defenses to a suit on a note. Tex.R. Civ. P. 94. Once Hernaiz met her burden of proof by establishing each element of her suit on the debt, the burden shifted to Doncaster to present evidence as to each and every element of an affirmative defense in order to prevent summary judgment. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 774 (Tex.1995). We will examine each asserted affirmative defense in turn.

▪▪▪ Laches is an affirmative defense comprised of two essential elements: (1) a party's unreasonable delay in asserting a legal or equitable right; and (2) a good faith and detrimental change of position by another because of the delay. *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 80 (Tex.1989); *Green v. Parrack,* 974 S.W.2d 200, 203–04 (Tex.App.-San Antonio 1998, no pet.). As the party asserting the defense, Doncaster had the burden of proving both elements. Tex.R. Civ. P. 94; *Green,* 974 S.W.2d at 204. Our review of the evidence shows Doncaster failed to present any evidence on either element of unreasonable delay or detrimental change of position by Doncaster because of the timing of the suit. Doncaster failed to establish laches as an affirmative defense to summary judgment.

▪▪▪ The lack of consideration is also an affirmative defense. The existence of a written contract, however, presumes consideration for its execution. *Hooper v. Mercantile Bank & Trust,* 762 S.W.2d 383, 386–87 (Tex.App.-San Antonio 1988, no pet.); *Hargis v. Radio Corp. of Am.,* 539 S.W.2d 230, 232 (Tex.Civ.App.-Austin 1976, no writ). The party alleging want of consideration therefore has the burden of proof to rebut the presumption. Tex.R. Civ. P. 94; *see Sudduth v. Commonwealth County Mut. Ins. Co.,* 454 S.W.2d 196, 198 (Tex.1970). Again, a review of the summary judgment evidence shows that Doncaster failed to present any evidence to establish a lack of consideration for the execution of the Carta de Compromiso. The summary judgment evidence submitted by Hernaiz reveals that on the same

day that Doncaster signed the Carta de Compromiso, Gloria Hernaiz accepted $30,000 from Doncaster as payment in full of a prior $45,000 debt. In addition, the evidence shows Hernaiz did not notify Doncaster's employer bank of the current or prior debt or take any legal action against Doncaster prior to 1998 when the Carta de Compromiso was signed. In addition to the presumption of consideration raised by the written contract, the evidence establishes that Doncaster in fact did receive consideration for execution of the note, both in the form of a benefit to her and forbearance by Hernaiz. Doncaster failed to establish lack of consideration as an affirmative defense to summary judgment. *See Copeland v. Alsobrook,* 3 S.W.3d 598, 606 (Tex.App.-San Antonio 1999, pet. denied).

Finally, equitable estoppel is an affirmative defense that is established when "(1) a false representation or concealment of material facts; (2) is made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted upon; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 515–16 (Tex. 1998); *City of Fredericksburg v. Bopp,* 126 S.W.3d 218, 221 (Tex.App.-San Antonio 2003, no pet.). Doncaster had the burden to present evidence on each essential element of estoppel. *Concord Oil Co. v. Alco Oil & Gas Corp.,* 387 S.W.2d 635, 639 (Tex.1965); *Osborne v. Mutzig,* No. 04–02–00554–CV, 2003 WL 21010609, at *5 (Tex. App.-San Antonio May 7, 2003, no pet.). Doncaster offered no evidence in support of this defense, nor does she direct us to any other summary judgment evidence which even suggests there was any knowing misrepresentation or concealment of

facts by Mr. or Mrs. Hernaiz. In addition, Doncaster does not provide any evidence of her detrimental reliance on any representation made to her by Mr. or Mrs. Hernaiz. Doncaster failed to establish the affirmative defense of estoppel.

Doncaster further contends summary judgment was improperly granted under the doctrine of proportionate responsibility. The doctrine of proportionate responsibility is inapplicable because it applies only to causes of action based in tort. TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(a) (Vernon Supp.2004–05). Here, the underlying suit lies in contract, not in tort; therefore, the doctrine is not applicable. *Stine,* 80 S.W.3d at 592.

Finally, Doncaster argues that the loans that form the basis of this suit were actually made and became due in 1994; therefore, Hernaiz's claim is barred by the four-year statute of limitations. In support of this position, Doncaster asserts that the 1998 Carta de Compromiso cannot serve as an acknowledgment of the antecedent debt sufficient to restart the running of the statute of limitations. We disagree. A suit on a debt is subject to a four year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 2002); *see also Stine,* 80 S.W.3d at 592 (four year statute of limitations also applies to acknowledgments of debt which are new contractual promises to pay). However, Civil Practice & Remedies Code § 16.065 allows for a new promise to pay an old debt. The provision states, "[a]n acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible ... to defeat the law of limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged." TEX. CIV. PRAC. & REM.CODE § 16.065 (Vernon 1997). Texas courts have consistently interpreted § 16.065 as

requiring that such an agreement (1) be in writing and signed by the party to be charged; (2) contain an unequivocal acknowledgment of the justness or the existence of the particular obligation; and (3) refer to the obligation and express a willingness to honor it. *Stine,* 80 S.W.3d at 591; *Neel v. Killam Oil Co., Ltd.,* 88 S.W.3d 334, 342 (Tex.App.-San Antonio 2002, pet. denied). The effect of such an acknowledgment is to create a new promise to pay the old debt. *Neel,* 88 S.W.3d at 343. Whether a written instrument sufficiently acknowledges a debt barred by limitations is a question of law. *Bright & Co. v. Holbein Family Mineral Trust,* 995 S.W.2d 742, 745 (Tex.App.-San Antonio 1999, pet. denied).

The 1998 Carta de Compromiso refers to an existing debt, identifies the amount of the debt, and refers to a note as evidence of that debt. It contains a clear and unequivocal promise to pay the debt by Doncaster and is signed by her. We hold the Carta de Compromiso meets the requirements of § 16.065 for an acknowledgment as a matter of law. The effect of this acknowledgment is to restart the running of the statute of limitations as of the date the debt became due under the terms of the acknowledgment. *Stine,* 80 S.W.3d at 592 (breach of contract claim accrues when contract is breached by failure to pay on date promised). The Carta de Compromiso was signed on February 12, 1998, and the debt became due under that document on April 30, 1998. This suit was filed on March 13, 2002, within four years of the date the acknowledged debt was due. Therefore, Hernaiz's suit is not barred by the statute of limitations. We overrule Doncaster's first issue on appeal.

### JURISDICTION

In her third issue, Doncaster claims the trial court's judgment should be reversed because the trial court lacked subject matter jurisdiction to resolve the case. The basis of Doncaster's claim is that neither Mrs. Hernaiz nor the executrix of her husband's estate was the proper party to bring suit on behalf of Mr. Hernaiz, and he made the initial 1994 loans to Garza. Although the initial lawsuit was brought by both Mrs. Hernaiz and the executrix of Mr. Hernaiz's estate, prior to the trial court's partial summary judgment order, all of the claims by Mr. Hernaiz's estate against Doncaster had been non-suited. Therefore, at the time the partial summary judgment was granted, the only remaining claims were those of Mrs. Hernaiz in her individual capacity against Doncaster. Doncaster raises no issue regarding the jurisdiction of the court to hear Mrs. Hernaiz's claims; therefore, her third issue is overruled.

### DENIAL OF DONCASTER'S MOTION FOR SUMMARY JUDGMENT

 In her fifth issue, Doncaster asserts that the trial court erred in failing to grant her own no evidence motion for summary judgment because Hernaiz failed to file any written response. *See* TEX.R. CIV. P. 166a (i) (stating, "[t]he court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Doncaster's no evidence motion for summary judgment was set for hearing on February 21, 2004. Partial summary judgment in favor of Hernaiz was granted on January 28, 2004; a bench trial on all remaining issues was held on February 6, 2004; and a final judgment was signed on February 11, 2004—all prior to the setting on Doncaster's motion. Because the trial court effectively denied Doncaster's motion in its final judgment, Hernaiz was not thereafter required to file any written response to Doncaster's motion. Issue five is overruled.

## ATTORNEY'S FEES

In her second issue, Doncaster contends that Hernaiz failed to prove she was entitled to attorney's fees and that the findings of fact and conclusions of law do not support the fees awarded. Specifically, Doncaster maintains that there is no proof that the number of hours awarded were necessary, the fees are not properly segregated, and the total fees awarded are excessive.

■■■■ As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). The trial court may award those fees that are "reasonable and necessary" for the prosecution of the suit, requiring the plaintiff to show that the fees were incurred while suing the defendant on a claim which allows recovery of such fees.[1] *Hartmann v. Solbrig*, 12 S.W.3d 587, 594 (Tex.App.-San Antonio 2000, pet. denied). When a case has involved multiple defendants and one or more defendants are no longer in the suit, the plaintiff must segregate the fees owed by the remaining defendant. *Stewart Title Guar. Co.*, 822 S.W.2d at 10–11; *Hartmann*, 12 S.W.3d at 594. An award of attorney's fees is reviewed under an abuse of discretion standard, subject to the requirement that any fees awarded be reasonable and necessary, which we review for sufficiency of the evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998). The trial court determines the reasonableness of attorney's fees by referring to the factors provided in Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app.

A (Vernon 1998) (factors include, among others, time and labor required, difficulty of the questions involved and skill necessary to perform the services, fee customarily charged in the locality, and any time limitations imposed by the circumstances); *Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 579 (Tex.App.-San Antonio, 2004, no pet. h.). A trial court abuses its discretion if there is no evidence or insufficient evidence to support the fee award. *Bocquet*, 972 S.W.2d at 21; *Gamez*, at 579. In reviewing a fee award, the appellate court may draw upon the common knowledge of the justices and their experience in support of the fee awarded. *Gamez*, at 579.

■■■ After granting a partial summary judgment on the underlying cause of action, the trial judge set a trial on the merits on the issue of attorney's fees. At trial, two attorneys for Hernaiz, Hunter and Czar, testified. Czar testified that he began his representation of Hernaiz in August 2001. His activity on the case before filing suit included meeting with the client, researching the facts and the law involved in a potential claim, and presenting a demand letter to Doncaster. After filing suit, Czar conducted discovery and filed motions for disclosure, motions for production, and interrogatories. Czar testified that he spent a total of 129 hours on the case, specifically related to the claims against Doncaster. Czar further testified that the deposition of one of the non-suited defendants, Carlos Garza, involved facts that were so intertwined with the issues involving Doncaster that they could not be readily segregated. Hunter testified she had spent a total of 50 hours on the case, involving depositions, motions for sanctions

---

1. It is undisputed that recovery of attorney's fees is available in this case under Civil Practice and Remedies Code § 38.001(8). TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997) (providing for recovery of attorney's fees from an individual in a claim based on an oral or written contract).

hearings, preparation of the motion for summary judgment and responses to Doncaster's motion for summary judgment, research, and time in court on the summary judgment motion and the bench trial on attorney's fees. Czar and Hunter each testified that the estimated hours referred exclusively to those directly involving the claims against Doncaster.

 Doncaster cross-examined the attorneys, but did not offer any additional controverting evidence. We hold the evidence presented at trial is sufficient to support a finding that the award of fees was reasonable and necessary. A total of 179 hours devoted to this case over the course of two and a half years is not an unreasonable number of hours for the issues and tasks involved in this litigation. We therefore decline to hold the trial court abused its discretion in awarding the fees. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881–82 (Tex. 1990). In addition, we conclude that the testimony regarding the segregation of fees is sufficient to support the award against Doncaster. *See Hachar v. Hachar*, 153 S.W.3d 138, 143 (Tex.App.-San Antonio, 2004, no pet.); *Flagship Hotel, Ltd. v. City of Galveston*, 117 S.W.3d 552, 565 n. 7 (Tex.App.-Texarkana 2003, pet. denied) (rough percent of amount attributable to each claim is sufficient segregation); *Leon Ltd. v. Albuquerque Commons P'ship*, 862 S.W.2d 693, 709 (Tex.App.-El Paso 1993, no pet.) (testimony regarding percentage attributable to various claims is

sufficient segregation). Czar testified that hours spent on the deposition of defendant Garza were not capable of segregation as the facts involved in that deposition were intertwined with those involving Doncaster. "A recognized exception to [the] duty to segregate arises when the attorney fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts." *Hartmann*, 12 S.W.3d at 594; *Flint & Assoc. v. Intercont'l Pipe & Steel, Inc.*, 739 S.W.2d 622, 624–25 (Tex. App.-Dallas 1987, writ denied). Issue two is overruled.

 In her sixth and final issue on appeal, Doncaster contends that the trial court's findings of fact and conclusions of law do not support the award of attorney's fees and that the court erred in failing to make additional findings of fact and conclusions of law as requested by Doncaster.[2] Findings of fact may be requested "[i]n any case tried in the district or county court without a jury." TEX.R. CIV. P. 296. After findings of fact have been filed by the court, a party can request additional findings of fact or conclusions of law if the court omitted a finding on a material element or made an error in a finding. TEX.R. CIV. P. 298; *see also Alvarez v. Espinoza*, 844 S.W.2d 238, 241–42 (Tex. App.-San Antonio 1992, writ dism'd w.o.j.) (requesting party is required to submit specific proposed findings—a bare request

**2.** Doncaster requested seven additional findings including: (1) whether Hernaiz's claim for attorney's fees had been filed with the motion for summary judgment; (2) whether Doncaster had filed written objections to Hernaiz's summary judgment evidence and the court's rulings on the objections; (3) whether the claim for attorney's fees had been decided at the summary judgment hearing or severed and whether Doncaster had objected to the separate hearing on attorney's fees; (4) when

the actions against all other defendants had been non-suited; (5) whether Hernaiz's written contract for attorney's fees was admitted in evidence or supported by other evidence; (6) whether a timely demand for jury trial had been made before the hearing on attorney's fees and whether the non-jury trial was held over Doncaster's objections; and (7) what record evidence supports the segregation of attorney's fees involving Doncaster from those involving all other defendants.

is not sufficient). The trial court is required to make additional findings only on ultimate issues; additional findings that merely relate to an evidentiary point are improper. *Levine v. Maverick County Water Control & Improvement Dist.*, 884 S.W.2d 790, 796 (Tex.App.-San Antonio 1994, writ denied); *see also Kirby v. Chapman*, 917 S.W.2d 902, 909–10 (Tex.App.-Fort Worth 1996, no writ) (court may properly refuse to make additional findings where they are already adequately covered by original findings, are not material and necessary, or if they will not result in a different judgment). The party cannot request findings contrary to the court's judgment. *ASAI v. Vanco Insulation Abatement, Inc.*, 932 S.W.2d 118, 121 (Tex.App.-El Paso 1996, no writ).

To obtain a reversal, the appellant must show from the record that the trial court's refusal to file additional findings of fact and conclusions of law as requested was reasonably calculated to cause and did cause rendition of an improper judgment. *Tamez v. Tamez*, 822 S.W.2d 688 (Tex.App.-Corpus Christi 1991, writ denied). If the refusal of the trial court to make additional findings does not prevent an adequate presentation on appeal, there is no reversible error. *ASAI*, 932 S.W.2d at 122. The issue is whether the circumstances are such that the appellant is forced to guess at the reasons for the trial court's decision. *Goggins v. Leo*, 849 S.W.2d 373, 379 (Tex.App.-Houston [14th Dist.] 1993, no writ).

We conclude the court's original findings on the award of attorney's fees do not omit or contain an error on a material element and sufficiently reflect the evidence. We cannot agree that Doncaster was forced to guess at the reasons for the trial court's judgment. Doncaster has failed to show from the record how the trial court's failure to make the requested

additional findings was reasonably calculated to cause and did cause the rendition of an improper judgment. Therefore, we overrule Doncaster's sixth issue on appeal.

## Conclusion

Because we conclude that Hernaiz met her burden of presenting competent summary judgment evidence establishing that there were no genuine issues of material fact on any essential elements of her claim, and Doncaster failed to raise an issue on each and every element of any affirmative defense sufficient to prevent summary judgment, we affirm the trial court's grant of partial summary judgment in favor of Hernaiz. In addition, we hold the evidence presented at trial regarding the amount and segregation of reasonable and necessary attorney's fees is sufficient to support the award of attorney's fees against Doncaster. For the foregoing reasons, the judgment of the trial court is affirmed.