Affirmed and Memorandum Opinion filed June 14, 2005









Affirmed and Memorandum Opinion filed June 14, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00841-CV

____________

 

JUAN A. GONZALEZ, Appellant

 

V.

 

PACCAR FINANCIAL
CORP.,
Appellee

 



 

On Appeal from the County
Civil Court at Law Number One

Harris County, Texas

Trial Court Cause No. 806,115

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Juan A. Gonzalez, appeals from
a final summary judgment against him and in favor of appellee, PACCAR Financial
Corp. (APACCAR@), in a suit for
collection of a debt.  We affirm the
judgment of the trial court.

I.  Factual and Procedural Background








In July 1998, Gonzalez purchased a
vehicle, a 1999 Kenworth, from Cleveland Mack Sales, Inc. d/b/a Performance
Truck.  Gonzalez financed the purchase,
signing a Security Agreement and Retail Installment Contract, dated July 31,
1998.  As part of this transaction,
Gonzalez granted a security interest in the vehicle and any proceeds of any
insurance policy on the vehicle.  Shortly
thereafter, the seller assigned all of its rights, title, and interest under
the contract to PACCAR.  In August 1998,
the Kenworth was reported stolen and Gonzalez stopped making payments to
PACCAR.  When the stolen vehicle was not
recovered, the insurance company paid $90,250 in proceeds from the insurance
policy to PACCAR, which PACCAR applied to Gonzalez=s outstanding
indebtedness.  After applying the
insurance proceeds to the amounts owing under the contract, there remained a
deficiency balance of $12,926.09, which Gonzalez failed to pay.

In September 1998, Gonzalez purchased a
1999 Utility, Model Reefer, together with a 1998 Thermo King, from Utility
Trailer Sales S.E. Texas, Inc., again financing the purchase.  Gonzalez signed a Security Agreement and
Retail Installment Contract, dated September 28, 1998, granting a security
interest in the vehicles.  The seller
then assigned all of its rights, title, and interest under the contract to
PACCAR.  Thereafter, Gonzalez ceased
making payments on the contract and the vehicles were repossessed and sold at
auction in July 1999.  After applying the
proceeds from the sale of this collateral to reduce the amounts owing under the
contract, there remained a deficiency balance of $17,441.38.  Gonzalez failed to pay this deficiency.








In November 2003, PACCAR brought suit
against Gonzalez, asserting breach of the two contracts.  PACCAR sought to collect the unpaid balances
owing under the contracts as well as attorney=s fees and costs
of suit.  Gonzalez answered the suit with
a general denial and a special denial, in which he denied that Aall offset[s] and
credits have been provided.@  PACCAR filed a traditional motion for summary
judgment.  Seeking more time to respond,
Gonzalez filed a motion for continuance, but the trial court did not grant the
continuance.  Gonzalez did not respond to
PACCAR=s summary-judgment
motion, nor did he object to PACCAR=s summary-judgment
evidence.  In August 2004, the trial
court granted PACCAR=s motion and rendered summary judgment in
favor of PACCAR for $30,367.47, plus prejudgment and postjudgment interest,
attorney=s fees, and costs
of suit.  Gonzalez, appearing pro se, now
challenges the trial court=s summary
judgment.

II.  Standard of Review

In reviewing a traditional motion for
summary judgment, we take as true all evidence favorable to the nonmovant, and
we make all reasonable inferences in the nonmovant=s favor.  Dolcefino v. Randolph, 19 S.W.3d 906,
916 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  If the movant=s motion and summary-judgment evidence facially establish its right to
judgment as a matter of law, the burden shifts to the nonmovant to raise a
genuine, material fact issue sufficient to defeat summary judgment.  Id. 

III.  Issues and Analysis

In his first and second issues,
Gonzalez asserts that his answer to PACCAR=s petition,
containing a special denial, was uncontroverted and that the summary-judgment
evidence failed to disprove his defense. 
When, as in this case, the nonmovant fails to file a response to the
motion for summary judgment, the only ground for reversal he may raise is the
legal insufficiency of the motion for summary judgment and supporting
evidence.  City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).








To succeed on its traditional motion
for summary judgment in this suit on an unpaid debt, PACCAR had the burden to
establish (1) the existence of the debt owing under each of the contracts; (2)
that Gonzalez had signed each contract; (3) that PACCAR was the holder of each
contract; and (4) that balances in the amounts claimed were due and owing on
each contract.  See Doncaster v.
Hernaiz, No. 04-04-00324-CV, __ S.W.3d __, __, 2005 WL 235752, at *3 (Tex.
App.CSan Antonio Feb. 2, 2005, no pet.
h.).  Attached to PACCAR=s motion for
summary judgment are the contracts upon which PACCAR brought suit, all of which
are signed by Gonzalez.  Also attached to
the summary-judgment motion is the affidavit of PACCAR=s authorized
representative, Jana Meyer, which establishes that PACCAR is the holder of the
contracts and that Gonzales defaulted in his payment obligations
thereunder.  Meyer=s affidavit sets
forth the amounts owing on each of the contracts after application of all
offsets, payments, and credits.  With
this summary-judgment evidence, PACCAR conclusively proved all essential
elements of its claims as a matter of law. 
Accordingly, we overrule Gonzalez=s first and second
issues.

In his final issue, Gonzalez asserts
that PACCAR=s motion for summary judgment itself
established that the insurance proceeds from the policy on the stolen vehicle
were paid and accepted by PACCAR Aas full and final
settlement.@  Gonzalez has not cited to any part of the
record that allegedly contains this evidence, and our review of the record
reveals no such evidence.  Although the
record shows that PACCAR received and applied the insurance proceeds from the
policy on the stolen vehicle, to reduce the amounts Gonzalez owed under the
contract financing its purchase, there is nothing in PACCAR=s motion for
summary judgment  to suggest that PACCAR=s receipt and
acceptance of the insurance proceeds was in full and final settlement of its
claims against Gonzalez.  Under the
contracts, Gonzalez was obligated to pay all amounts remaining after
application of all payments and credits. 
The fact that PACCAR received and applied the insurance proceeds to
reduce Gonzalez=s outstanding indebtedness does not
absolve Gonzalez from this liability. 
Finding no merit in Gonzalez=s argument, we
overrule his third issue on appeal.

IV.  Conclusion

PACCAR met its burden of presenting
competent summary-judgment evidence establishing that there are no genuine
issues of material fact on any essential elements of its contract claims.  Gonzalez failed to respond to the summary
judgment and thus failed to raise an issue on any defense to preclude summary
judgment.  Accordingly, the trial court
properly granted summary judgment on PACCAR=s contract
claims.  








We affirm the trial court=s judgment.

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed June 14, 2005.

Panel consists of
Chief Justice Hedges and Justices Fowler and Frost.