NO. 07-05-0210-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2007

_____

In the Matter of the Marriage of DOLORES MALACARA, JR.
and MARGARET RITA COLLINS
_____

FROM THE 181st DISTRICT COURT OF POTTER COUNTY;

NO. 39,720-B; HON. JOHN B. BOARD, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dolores Malacara, Jr. (Malacara) appeals from a final order awarding Margaret Rita Collins (Collins) a portion of his retirement benefits in a post-divorce proceeding. Via three issues, he contends that 1) the benefits had been awarded to him in the original divorce decree and 2) attorney's fees were improperly awarded to Collins. We affirm.

### *Background*

Malacara and Collins were married on July 20, 1963. They divorced 24 years later on November 13, 1987. During the marriage, however, Malacara began working for the City of Amarillo. His employment with that entity spanned from January 1, 1964, to June 26, 1991, the latter date being the day he retired. Furthermore, he accrued retirement

benefits during that period as an employee of the City. Yet, those benefits were not expressly mentioned in the property settlement executed by the two upon their divorce. Once Malacara retired, he began receiving the benefits related thereto from the City. None were shared with Collins, though. And, she did not petition the trial court for her portion until 2004.

Upon hearing her petition and the answer filed by Malacara, the trial court found that approximately 87% retirement benefits accrued were property of the Collins/Malacara community estate, they were not divided in the divorce decree or property settlement, and Collins was entitled to a 43.56% share of them as a "co-tenant." Therefore, an order was entered partitioning the benefits, giving Collins her share, and awarding her $126,876.50 (as her share of the benefits she should have received from her ex-husband) plus attorney's fees.

*Can't Do It*

Malacara's first issue has various subparts. Through them he asserts that the trial court could not partition the retirement benefits because they had already been divided via the property settlement agreement executed incident to the divorce. So too does he argue that even if it could effect a partition, it could not award Collins her share of the benefits that had already been paid to him (*i.e.* he contends the trial court erred in awarding Collins a portion of the benefits already paid to him or the $126,876.50). We overrule the issue.

*Can't Because Property Is His*

Malacara initially invokes the second paragraph to section III of the settlement document the parties executed incident to divorce. Through it, they agreed that Malacara "shall own, possess, and enjoy, free from any claim of [Collins], the property listed in

2

Schedule 2 of this agreement . . . ."  The property described in Schedule 2 consisted of "[a]ll personal property in [his] possession" plus a specified residence.  According to Malacara, the retirement benefits were in his possession because they had vested at the time of the divorce.  Assuming that the benefits had actually vested, we find the argument unavailing.

No one at bar disputes that the benefits were community property at the time of divorce.  The dispute simply involves who was to receive them once they became payable.  Given the wording utilized in schedule two, we cannot say that Malacara was to be the sole recipient.  This is so because settlement clauses encompassing property within the "possession" of a spouse do not affect *intangible* property, that is, property not subject to physical control or immediate enjoyment or disposition.  *Jackson v. Jackson*, No. 05-01-01719-CV, 2002 Tex. App. LEXIS 8051 (Tex. App.–Dallas November 13, 2002, no pet.) (not designated for publication); *Soto v. Soto*, 936 S.W.2d 338, 343 (Tex. App.–El Paso 1996, no writ); *Ewing v. Ewing*, 739 S.W.2d 470, 473 (Tex. App.–Corpus Christi 1987, no writ).  Choses-in-action or contract rights are such property, as is a right to retirement benefits.  *See Dunn v. Dunn*, 703 S.W.2d 317, 319 (Tex. App.–San Antonio 1985, writ ref'd n.r.e.) (describing future retirement benefits as intangible property).  Thus, the opportunity to collect retirement was not within Malacara's possession when he and Collins divorced.

Next, that his right to such benefits may have been vested is of no consequence.  The theory of vesting connotes little more than that the property interest had accrued to such an extent that it could not be denied the recipient by the third party obligated to pay or deliver it.  *See Houston Indep. Sch. Dist. v. Houston Chronicle*, 798 S.W.2d 580, 589 (Tex. App.–Houston [1st Dist.] 1990, writ denied).  So, to the extent that retirement benefits

3

were community property and both spouses had interests in the community estate, then vesting of those benefits effectively resulted in both spouses having their community interest in the benefits vest. In turn, this logically means that both he and Collins possessed the retirement benefits for she too was expressly awarded, via the settlement agreement, the property in her possession.[1]

In sum, the benefits at issue were not awarded *in toto* to Malacara via the settlement provisions. Thus, his argument to the contrary is rejected.

### *Can't Because Property Previously Divided*

Next, Malacara suggests that the trial court could not partition the benefits since they had been distributed previously to each spouse via paragraph III of the settlement agreement. We disagree and overrule this contention.

According to the record, the parties agreed at the time of their divorce that "[a]ll community property not listed on any schedule . . . shall be owned by Husband and Wife as equal cotenants . . . ." Moreover, the retirement benefits were not expressly mentioned in any of the schedules attached to the agreement incident to divorce. Thus, both Malacara and Collins owned a proportionate share of them as cotenants.

Next, cotenants may obtain a partition of the res in which they own a joint interest. *See* Tex. Prop. Code Ann. §23.001 (Vernon 2000) (stating that joint owners of real or personal property may compel the partition of the interest in the property among the joint owners). Thus, statute authorized the trial court to partition the retirement benefits, though

---

[1]We also note that the opinion on which Malacara relies, *e.g.*, *Yeo v. Yeo*, 581 S.W.2d 734 (Tex. App.–San Antonio 1979, writ ref'd n.r.e.) says nothing about vesting and its effect on the concept of possession.

4

the respective interest of Collins and Malacara in those benefits were addressed in the divorce agreement.

*Can't Award Portion of Benefits Already Distributed*

Next, Malacara asserts that the trial court erred in awarding Collins a monetary judgment equal to her proportionate interest in the retirement benefits that had been disbursed. We disagree.

Section 9.009 of the Texas Family Code authorizes that court to "enforce the division of property made in a decree of divorce . . . [by executing] an order to deliver the specific existing property awarded." TEX. FAM. CODE ANN. §9.009 (Vernon 2006). So too may it render judgment "against a defaulting party for the amount of unpaid payments to which the party is entitled" when the "party did not receive payments of money as awarded in the decree of divorce . . . ." *Id.* at §9.010(b). Here, we have a decree making Collins and Malacara cotenants or owners of the retirement benefits. Thus, it effectively awarded her a share in the retirement payments. And, to the extent that a cotenant is entitled to dispose of portions of the property, he must still account to the other cotenant for his share. *See Byrom v. Pendley*, 717 S.W.2d 602, 605 (Tex. 1986) (involving the development of minerals and stating that each cotenant has the right to enter upon the common estate and a corollary right to possess and use the entire estate but must account to the other cotenant for his share of the property taken). So, Malacara, as a cotenant, was obligated to give Collins, the other cotenant, her share of the retirement benefits, and the trial court was entitled to award Collins that share under sections 9.009 and 9.010(b) of the Family Code.

*Can't Award Attorney's Fees*

5

Lastly, Malacara challenges the trial court's decision to award Collins attorney's fees. We reject the challenge for a trial court may award attorney's fees as costs in a post-decree enforcement proceeding, such as this. TEX. FAM. CODE ANN. §9.014 (Vernon 2006).

In sum, we overrule each issue of Malacara and affirm the trial court's "Order on Petiton for Post-Divorce Division of Property."


Per Curiam