Jesus CHAVEZ, Appellant,

v.

Maria Enriqueta Martinez
CHAVEZ, Appellee.

No. 04–99–00291–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 30, 1999.

Robert E. Walsh, Law Office of Robert E. Walsh, San Antonio, Stephani A. Walsh, Law Office of Stephani A. Walsh, San Antonio, for Appellant.

Margaret A. Quijano Scott, Law Office of Margaret A. Quijano Scott, San Antonio, Roger Guevara, Law Offices of Roger Guevara, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This appeal arose from the trial court's judgment enforcing a 1988 divorce decree. Because we find no reversible error, we affirm.

### Background of the Case

Jesus and Maria Enriqueta Martinez Chavez were divorced in 1988. Jesus was then, and is now, an employee of United Parcel Service (UPS). Part of the community estate consisted of 246 shares of UPS stock. At the time of the divorce, the stock secured a loan from NBC Bank. As a result, the divorce decree awarded Maria one-half of the stock and provided that:

> Respondent [Jesus] shall continue making payments on said note and upon the final payment of said note, Respondent is ORDERED to sell such stock and deliver to Petitioner fifty (50%) percent of said proceeds within ten days of the receipt of said proceeds of said stock.

Although the loan was scheduled to mature on March 8, 1990, Jesus filed for bankruptcy after the divorce. Years later, on July 6, 1994, Jesus was discharged from bankruptcy. By that time, the UPS stock had experienced a four-to-one split. Jesus finally sold the stock in April 22, 1996, but failed to give Maria 50% of the proceeds.

Maria discovered that Jesus had sold the stock in April 1997, and ultimately filed a motion for contempt on October 14, 1998. Later, on February 16, 1999, Maria filed a motion for enforcement. At trial, Jesus admitted that he failed to comply with the divorce decree, but contended that Maria's claim was barred by the statute of limitations. The trial judge awarded Maria a judgment for $22,243.49, plus $2,500.00 in attorney's fees. Jesus brings three issues on appeal.

### Statute of Limitations

Jesus asserted the statute of limitations defense in response to Maria's motion for enforcement. After hearing arguments from the lawyers, and before hearing any evidence in the case, the trial judge overruled Jesus's plea of limitations. In his first issue, Jesus contends that the trial judge erred in overruling his statute of limitations defense.

The proceeds from the sale of the stock constituted property not in existence at the time of the divorce decree, or future property. The statute of limitations for enforcing the division of future property is two years from the date the right to the property matures or accrues or the decree becomes final. TEX. FAM.CODE ANN. § 9.003(b) (Vernon 1998). Jesus contends that his bankruptcy discharge date serves as the first date upon which he could be charged with failing to follow the court's order. Accordingly, Jesus argues that the statute of limitations had run before Maria filed her motion for contempt.

The divorce decree does not specify when Jesus was required to sell the stock. Instead, the decree specifies when Jesus

was required to deliver the proceeds of the sale of the stock; *i.e.*, "within ten days of the receipt of said proceeds of said stock." As a result, the first date Jesus could be charged with contempt was the eleventh day after the sale of the stock, or May 3, 1996. Based on this date, the statute of limitations would have run on May 3, 1998, unless the discovery rule applies.

▮ Under the discovery rule, fraud prevents the running of the statute of limitations only until such time as fraud is discovered, or by the exercise of reasonable diligence might have been discoverable. *Sherman v. Sipper*, 137 Tex. 85, 152 S.W.2d 319, 321 (1941). Here, Maria alleged that Jesus concealed the fact that he sold the stock without giving her half of the proceeds. Although Jesus argues that no evidence was presented concerning the date that Maria discovered the sale, the representations made by the attorneys for each of the parties can be properly considered as evidence in this case.

Prior to any evidence being presented, the attorneys presented arguments on limitations, and other issues, to narrow the dispute. In arguing the limitations issue, Maria's attorney explained that "in the process of buying a home in April '97, [Maria] discovered that through the credit search that they do in buying property that, in fact, there was an issue of sales [sic] of stock and she rose [sic] the issue to an attorney at that time, Mr. Gilbert Vasquez, who is here to testify if the Court decides we need to go-proceed in that direction." Having narrowed the disputed issues to the stock's worth on the day the loan was paid off, the trial judge then heard evidence about the loan repayment and the value of the stock. Neither Maria or Mr. Vasquez testified.

Without objection, the attorney's representation that Maria did not discover that the stock had been sold until April 1997 is evidence of the date that Maria discovered that Jesus had sold the stock. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex.1997) (finding that attorney's unsworn testimony sufficient to support trial court's finding of an enforceable settlement agreement). In addition, Jesus himself admitted on cross-examination that Maria had contacted him in April 1997 about her half of the proceeds. In the absence of evidence from either party about efforts constituting reasonable diligence which would make the sale discoverable before April 1997, the evidence supports the trial judge's finding that the statute of limitations began to run in April 1997. Because Maria filed her motion for contempt within two-years from the date of discovery, we overrule Jesus's first issue.

**Erroneous Judgment**

In his second issue, Jesus contends the trial court erred in awarding judgment for Maria. Jesus's arguments on this issue are multifarious, but he is apparently challenging the legal sufficiency of the evidence supporting the trial court's judgment. Specifically, he complains that: (1) no evidence supports the trial judge's finding that he defrauded Maria, (2) no evidence exists that Jesus misrepresented anything to Maria, (3) no evidence of a resulting or implied trust exists, and (3) no evidence exists that Maria did not discover the stock sale until April 1997.

In reviewing a legal sufficiency challenge, the court of appeals must consider all of the evidence in the light most favorable to the party in whose favor the verdict has been rendered, indulging every reasonable inference in that party's favor. *See Associated Indem. Corp. v. CAT Contracting*, 964 S.W.2d 276, 286 (Tex.1998). A no evidence issue must be overruled as long as any evidence of probative value supports the trial court's finding. *ACS Investors v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997). Here, the trial judge determined that Jesus defrauded Maria and that a resulting or implied trust existed. The judge accordingly granted Maria's motion for enforcement and awarded Maria the value of one-half of the stock as of the date the loan was paid-off, dividends,

prejudgment interest and $2,500.00 in attorney's fees.

■ To support this award, we need not reach Jesus's specific complaints. Because the statute of limitations had not run when Maria filed her motion for contempt, the trial judge only needed to find that the divorce decree required Jesus to sell the stock and to deliver one-half of the sale proceeds to Maria within ten days of the sale, and that Jesus failed to comply with the court's order. Jesus's testimony supports these findings. Because the evidence is legally sufficient to support the court's judgment, we overrule this issue.

### Attorney's Fees

■ During trial, Maria's attorney introduced her billing statement as evidence to support her request for attorney's fees and a local attorney testified about the reasonableness of the attorney's bill. The billing statement reflected attorney's fees in the amount of $ 5,320.00. The trial judge awarded $2,500.00. In his last issue, Jesus complains that the trial judge erred by awarding Maria attorney's fees. He relies on the trial judge's statement, "you have not proven that you provided the services you have listed and you have not proven that your charges for those services were reasonable or that the services are necessary." Because he contends that no evidence exists that the services reflected on the billing statement were actually provided, Jesus argues that the trial judge's award has no legal basis.

■ The Family Code allows the trial judge to award attorney's fees in an enforcement proceeding. · See TEX. FAM.CODE ANN. § 9.014 (Vernon 1998). Whether a trial judge errs by awarding fees is reviewed under an abuse of discretion standard. *McMann v. McMann*, 942 S.W.2d 94, 96 (Tex.App.—Houston [1st Dist.] 1997, no writ). Despite Jesus's complaint that no evidence exists that Maria's attorney provided legal services, the record contains numerous documents that demonstrate the performance of legal services. In addition, the attorney's explanations of her efforts to resolve the case, and the statements made by Jesus's attorney, indicate that legal services were performed. The judge's statement above explains why he did not award the full amount for fees. After making the statement, the judge continued, "I will take judicial notice of the attorney's fees … and I would set that at $2,500.00." Under these circumstances, the trial court's award is not an abuse of discretion. As a result, we overrule this issue.

Having overruled each of Jesus's issues, we affirm the judgment of the trial court.