

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-274-CV**


RHONDA LYN FOWLER                                                    APPELLANT

V.

GARY LYNN FOWLER                                                      APPELLEE

------------

FROM THE 415TH JUDICIAL DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Rhonda Lyn Fowler challenges the trial court's order denying her "First Amended Petition for Enforcement of Property Division by Contempt." In one issue, Rhonda contends that the trial court erred by finding that there was no evidence to support her motion. We will affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 2004, the trial court signed an agreed final divorce decree, granting Rhonda and her husband, Gary Lynn Fowler, a divorce. The decree divided Rhonda and Gary's assets and liabilities and established child support and possession guidelines. As part of the agreed terms, Rhonda was awarded almost one hundred items of personal property "as her sole and separate property," while Gary was "divested of all right, title, interest, and claim in and to [the] property."

Rhonda later filed a petition alleging that Gary had failed to return approximately forty of the personal property items awarded to her and had failed to pay the couple's tax liabilities for 2001, 2002, and 2003, as ordered in the divorce decree. In her petition, Rhonda asked the trial court to (1) enter a "judgment against [Gary] in favor of [Rhonda] in the amount of $75,000.00 . . . in lieu of ordering [Gary] to return the property to [Rhonda]"; (2) hold Gary in contempt and fine him for each violation of the divorce decree; (3) award Rhonda attorney's fees; and (4) in the alternative, enter a clarifying order regarding Gary's duties under the divorce decree.

The trial court conducted a bench trial, at which Rhonda and Zane Fowler (Rhonda and Gary's oldest child) testified. After the testimony of these two

witnesses, Gary moved for, and the trial court granted, a directed verdict. Rhonda now appeals.

### III. THE TRIAL COURT'S ORDER ON THE MOTION TO ENFORCE

In her sole issue, Rhonda claims that the trial court should have granted her motion to enforce based on her testimony that she did not, at the time of trial, possess all of the property awarded to her by the divorce decree. In the alterative, Rhonda contends that her testimony was sufficient for the trial court to at least grant her request for clarification of the divorce decree.

Rhonda does not challenge the trial court's rulings on her request for attorney's fees or Gary's alleged failure to pay the couple's tax liabilities. And, the trial court's order in this case is not appealable insofar as it refuses to hold Gary in contempt. *See Tex. Animal Health Comm'n v. Nunley,* 647 S.W.2d 951, 952 (Tex. 1983) (holding that an appellate court lacks jurisdiction to review denial of a contempt order on direct appeal); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.); *In re B.C.C.*, 187 S.W.3d 721, 723 (Tex. App.—Tyler 2006, no pet.). Accordingly, we review only the portion of the trial court's judgment denying Rhonda's claim for either $75,000 or the items of property or for clarification of the agreed divorce decree.[2]

---

[2] During the pendency of this appeal, the trial court entered an order regarding child support arrearages. Because this appeal is limited to the trial

3

**A.    Standard of Review**

We review a trial court's ruling on a motion for enforcement under an abuse-of-discretion standard. *See In re M.K.R.*, 216 S.W.3d 58, 61 (Tex. App.—Fort Worth 2007, no pet.) (reviewing trial court's ruling on child support arrearages and payment of attorney's fees under abuse-of-discretion standard); *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied) (reviewing the trial court's clarifying order under abuse-of-discretion standard); *In re T.J.L.*, 97 S.W.3d 257, 265 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (reviewing enforcement order under abuse-of-discretion standard); *Chavez v. Chavez*, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999, no pet.) (reviewing award of attorney's fees under section 9.014 of the Texas Family Code under abuse-of-discretion standard); *McCaig v. McCaig*, No. 12-06-00374-CV, 2007 WL 1765845, at *1 (Tex. App.—Tyler June 20, 2007, pet. denied) (mem. op.)  (reviewing trial court's ruling on motion for enforcement or clarification of divorce decree under abuse-of-discretion standard).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or

court's ruling on Rhonda's petition for enforcement of property division, the trial court's subsequent order has no bearing on this opinion.

principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

Legal and factual sufficiency are factors that can be considered in determining whether an abuse of discretion has occurred. *In re M.K.R.*, 216 S.W.3d at 61; *London v. London*, 94 S.W.3d 139, 143–44 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's verdict. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). Conclusions of law may not be challenged

for factual sufficiency, but they may be reviewed to determine their correctness based upon the facts. *Citizens Nat'l Bank v. City of Rhome*, 201 S.W.3d 254, 256 (Tex. App.—Fort Worth 2006, no pet.); *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.).

**B.    Rhonda's Request for Enforcement**

A trial court can render enforcement orders to assist in the implementation or clarification of a property division made in a divorce decree. TEX. FAM. CODE ANN. § 9.006(a) (Vernon 2006). One option available for the trial court to enforce the property division made by the divorce decree is to order a party to deliver the specific property awarded. *Id.* § 9.009 (Vernon 2006). If the party fails to comply with the property division set forth in the divorce decree and delivery of the property awarded is no longer an adequate remedy, the court may then render a money judgment for the damages caused by the failure to comply. *Id.* § 9.010(a) (Vernon 2006).

In this case, the agreed final divorce decree between Rhonda and Gary provided:

> RHONDA LYN FOWLER . . . is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:
> W-1. All of the furniture, furnishings, and other personal property, whether in her possession or husband's possession, listed

6

on Exhibit W of the Mediated Settlement Agreement, which is attached hereto and made a part hereof as Exhibit "A."

In her motion for contempt, Rhonda alleged that she had not received several of the items listed in Exhibit A. She therefore requested that the trial court order Gary to pay $75,000 in lieu of ordering him to return the property.

During the proceedings on Rhonda's motion, Rhonda testified that she had not received all of the items listed in Exhibit A. She did not testify that she had attempted to retrieve the items or that Gary had, in any way, stopped her from taking possession of the property. In fact, Zane testified that he, his sister, and Rhonda lived at the house where the property was located for several days after the trial court entered the final divorce decree. Zane stated that, when they left the house, everyone, including Rhonda, packed up their things, and Gary actually helped them move. Gary's trial counsel went through several of the items on Exhibit A for which Rhonda was seeking reimbursement and had Zane verify that the personal property was at the house when Rhonda moved and that Rhonda had left the items behind. Those items, Zane said, were still located at the house at the time of the trial. According to Zane, he had never seen Gary deny Rhonda the opportunity to come retrieve the items.

At the conclusion of Zane's testimony, Gary moved for, and the trial court granted, a directed verdict. In its findings of fact, the trial court found that

7

Gary had not failed to comply with the divorce decree. The trial court found that there was no evidence that Gary had ever "originally asserted or continued to assert dominion and control over the personal property items," as listed by Rhonda. Therefore, the trial court concluded that Rhonda was not entitled to a money judgment or any other relief sought.

The evidence presented at the hearing indicated that Gary had not failed to comply with the divorce decree. *See* TEX. FAM. CODE ANN. §§ 9.006, .9010. Rhonda did not offer any evidence that she had tried to obtain the property, that Gary had refused her access to it, or that Gary had disposed of it. In fact, the evidence indicated that Rhonda had access to the property and voluntarily left it behind when she moved several days after the final divorce decree was entered. This evidence supports the trial court's decision to not issue an enforcement order.

Furthermore, although the trial court in this case may have had the authority to enter the enforcement order that Rhonda requested, here, the decision of whether to exercise that authority was well within the trial court's discretion. *See id*. §§ 9.006, 9.009; *In re M.K.R.*, 216 S.W.3d at 61; *In re Marriage of McDonald*, 118 S.W.3d at 832. Accordingly, we cannot say that the trial court abused its discretion by denying Rhonda's petition. *See Downer*, 701 S.W.2d at 241–42; *Butnaru*, 84 S.W.3d at 211.

8

### IV. THE TRIAL COURT'S ORDER ON THE MOTION TO CLARIFY

In the alternative, Rhonda urges that because the final divorce decree had no provisions regarding how the actual transfer of property from Rhonda to Gary was to occur, the trial court should have at least entered a clarifying order, presumably setting forth the duties of each party to deliver or obtain the property.

### A. Standard of Review

If the trial court finds "that the original form of the division of property is not specific enough to be enforceable by contempt, the court *may* render a clarifying order setting forth specific terms to enforce compliance with the original division of property." TEX. FAM. CODE ANN. § 9.008(b) (emphasis added); *McKnight v. Trogdon-McKnight*, 132 S.W.3d 126, 130 (Tex. App.—Houston [14th Dist.] 2004, no pet.). As the statute's language indicates, the trial court is not bound to enter a clarifying order if, in the court's best judgment, such an order is not necessary. *See* TEX. FAM. CODE ANN. § 9.008(b); TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005) (stating that courts should construe the term "may" as creating discretionary authority). Therefore, we review the trial court's decision to deny Rhonda's request for clarification under an abuse-of-discretion standard.

**B.    Rhonda's Request for Clarification**

Here, Rhonda complains that the language awarding her the property does not specifically order how the transfer of property is to take place.  The decree specifically awarded Rhonda the sole right to the disputed separate property and completely divested Gary of any right to the property.  The decree additionally established that "[t]his decree shall serve as a muniment of title to transfer of ownership of all property awarded to any party."  The decree additionally mandated that Rhonda would have the exclusive right to enjoy the use and possession of the residence where the property was located for thirty days after the divorce decree was signed.

Therefore, in light of the evidence that Rhonda left behind numerous items of the property awarded to her when she moved from the residence (and yet took approximately sixty of the other items of personal property awarded to her by Exhibit A) and that Gary had never refused her access to the property, and in the absence of any evidence that Rhonda had ever asked Gary if she could come get the property or asked him to deliver the property to her, we cannot say that the trial court abused its statutory, discretionary authority by declining to clarify the divorce decree.  *See* TEX. FAM. CODE ANN. § 9.008(b); *Shankes v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003).

Accordingly, because the trial court did not abuse its discretion by refusing to enter a motion to enforce or by declining to enter an order clarifying the divorce decree, we overrule Rhonda's sole issue.

## V. CONCLUSION

Having overruled Rhonda's sole issue, we affirm the trial court's order.

SUE WALKER
JUSTICE

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: June 5, 2008

11