COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-274-CV

 

 

 

RHONDA
LYN FOWLER                                                  APPELLANT

 

                                                   V.

 

GARY LYNN FOWLER                                                             APPELLEE

 

------------

 

FROM THE 415TH JUDICIAL DISTRICT COURT OF PARKER COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

I.  Introduction

Appellant Rhonda Lyn Fowler
challenges the trial court=s order denying her AFirst Amended Petition for Enforcement of Property Division by
Contempt.@  In one issue, Rhonda contends that the trial
court erred by finding that there was no evidence to support her motion.  We will affirm.

 








II.  Factual and Procedural Background

In December 2004, the trial
court signed an agreed final divorce decree, granting Rhonda and her husband,
Gary Lynn Fowler, a divorce.  The decree
divided Rhonda and Gary=s assets and
liabilities and established child support and possession guidelines.  As part of the agreed terms, Rhonda was
awarded almost one hundred items of personal property Aas her sole and separate property,@ while Gary was Adivested of
all right, title, interest, and claim in and to [the] property.@ 

Rhonda later filed a petition
alleging that Gary had failed to return approximately forty of the personal
property items awarded to her and had failed to pay the couple=s tax liabilities for 2001, 2002, and 2003, as ordered in the divorce
decree.  In her petition, Rhonda asked
the trial court to (1) enter a Ajudgment against [Gary] in favor of [Rhonda] in the amount of
$75,000.00 . . . in lieu of ordering [Gary] to return the property to [Rhonda]@; (2) hold Gary in contempt and fine him for each violation of the
divorce decree; (3) award Rhonda attorney=s fees; and (4) in the alternative, enter a clarifying order regarding
Gary=s duties under the divorce decree. 








The trial court conducted a
bench trial, at which Rhonda and Zane Fowler (Rhonda and Gary=s oldest child) testified. 
After the testimony of these two witnesses, Gary moved for, and the
trial court granted, a directed verdict. Rhonda now appeals.

III.  The Trial Court=s Order on the Motion to Enforce

In her sole issue, Rhonda
claims that the trial court should have granted her motion to enforce based on
her testimony that she did not, at the time of trial, possess all of the
property awarded to her by the divorce decree. 
In the alterative, Rhonda contends that her testimony was sufficient for
the trial court to at least grant her request for clarification of the divorce
decree. 

Rhonda does not challenge the
trial court=s rulings on
her request for attorney=s fees or
Gary=s alleged failure to pay the couple=s tax liabilities.  And, the
trial court=s order in
this case is not appealable insofar as it refuses to hold Gary in
contempt.  See Tex. Animal Health Comm=n v. Nunley, 647 S.W.2d 951, 952
(Tex. 1983) (holding that an appellate court lacks jurisdiction to review
denial of a contempt order on direct appeal); Tracy v. Tracy, 219 S.W.3d
527, 530 (Tex. App.CDallas 2007,
no pet.); In re B.C.C., 187 S.W.3d 721, 723 (Tex. App.CTyler 2006, no pet.). 
Accordingly, we review only the portion of the trial court=s judgment denying Rhonda=s claim for either $75,000 or the items of property or for
clarification of the agreed divorce decree.[2]








A.     Standard of Review

We review a trial court=s ruling on a motion for enforcement under an abuse-of-discretion
standard.  See In re M.K.R., 216
S.W.3d 58, 61 (Tex. App.CFort Worth
2007, no pet.) (reviewing trial court=s ruling on child support arrearages and payment of attorney=s fees under abuse-of-discretion standard);  In re Marriage of McDonald, 118 S.W.3d
829, 832 (Tex. App.CTexarkana
2003, pet. denied) (reviewing the trial court=s clarifying order under abuse-of-discretion standard); In re
T.J.L., 97 S.W.3d 257, 265 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (reviewing enforcement order under
abuse-of-discretion standard); Chavez v. Chavez, 12 S.W.3d 563, 566
(Tex. App.CSan Antonio
1999, no pet.) (reviewing award of attorney=s fees under section 9.014 of the Texas Family Code under
abuse-of-discretion standard); McCaig v. McCaig, No. 12-06-00374-CV,
2007 WL 1765845, at *1 (Tex. App.CTyler June 20, 2007, pet. denied) (mem. op.)  (reviewing trial court=s ruling on motion for enforcement or clarification of divorce decree
under abuse-of-discretion standard).








To determine whether a trial
court abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide
whether the act was arbitrary or unreasonable. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B 42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of discretion
has occurred.  Id.

An abuse of discretion does
not occur where the trial court bases its decisions on conflicting
evidence.  In re Barber, 982
S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). 
Furthermore, an abuse of discretion does not occur as long as some
evidence of substantive and probative character exists to support the trial
court=s decision.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002). 








Legal and factual sufficiency
are factors that can be considered in determining whether an abuse of
discretion has occurred.  In re M.K.R.,
216 S.W.3d at 61; London v. London, 94 S.W.3d 139, 143B44 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  A trial court=s findings of fact are reviewable for legal and factual sufficiency of
the evidence to support them by the same standards that are applied in
reviewing evidence supporting a jury=s verdict.  Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996); Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  Conclusions of law may
not be challenged for factual sufficiency, but they may be reviewed to
determine their correctness based upon the facts.  Citizens Nat=l Bank v. City of Rhome, 201 S.W.3d
254, 256 (Tex. App.CFort Worth
2006, no pet.); Dominey v. Unknown Heirs & Legal Representatives of
Lokomski, 172 S.W.3d 67, 71 (Tex. App.CFort Worth 2005, no pet.).

B.     Rhonda=s Request for Enforcement

A trial court can render
enforcement orders to assist in the implementation or clarification of a
property division made in a divorce decree. 
Tex. Fam. Code Ann. ' 9.006(a) (Vernon 2006). 
One option available for the trial court to enforce the property
division made by the divorce decree is to order a party to deliver the specific
property awarded.  Id. ' 9.009 (Vernon 2006).  If
the party fails to comply with the property division set forth in the divorce
decree and delivery of the property awarded is no longer an adequate remedy,
the court may then render a money judgment for the damages caused by the
failure to comply.  Id. ' 9.010(a) (Vernon 2006).

In this case, the agreed
final divorce decree between Rhonda and Gary provided:

RHONDA LYN FOWLER . . . is awarded the following
as her sole and separate property, and the husband is divested of all right,
title, interest, and claim in and to that property:








W-1.  All
of the furniture, furnishings, and other personal property, whether in her
possession or husband=s
possession, listed on Exhibit W of the Mediated Settlement Agreement, which is
attached hereto and made a part hereof as Exhibit AA.@ 

 

In her motion for contempt,
Rhonda alleged that she had not received several of the items listed in Exhibit
A.  She therefore requested that the
trial court order Gary to pay $75,000 in lieu of ordering him to return the
property. 

During the proceedings on
Rhonda=s motion, Rhonda testified that she had not received all of the items
listed in Exhibit A.  She did not testify
that she had attempted to retrieve the items or that Gary had, in any way,
stopped her from taking possession of the property.  In fact, Zane testified that he, his sister,
and Rhonda lived at the house where the property was located for several days
after the trial court entered the final divorce decree.  Zane stated that, when they left the house,
everyone, including Rhonda, packed up their things, and Gary actually helped
them move.  Gary=s trial counsel went through several of the items on Exhibit A for
which Rhonda was seeking reimbursement and had Zane verify that the personal
property was at the house when Rhonda moved and that Rhonda had left the items
behind.  Those items, Zane said, were
still located at the house at the time of the trial.  According to Zane, he had never seen Gary
deny Rhonda the opportunity to come retrieve the items. 








At the conclusion of Zane=s testimony, Gary moved for, and the trial court granted, a directed
verdict.  In its findings of fact, the
trial court found that Gary had not failed to comply with the divorce
decree.  The trial court found that there
was no evidence that Gary had ever Aoriginally asserted or continued to assert dominion and control over
the personal property items,@ as listed by Rhonda. 
Therefore, the trial court concluded that Rhonda was not entitled to a
money judgment or any other relief sought. 

The evidence presented at the
hearing indicated that Gary had not failed to comply with the divorce
decree.  See Tex. Fam. Code Ann. '' 9.006, .9010.  Rhonda did
not offer any evidence that she had tried to obtain the property, that Gary had
refused her access to it, or that Gary had disposed of it.  In fact, the evidence indicated that Rhonda
had access to the property and voluntarily left it behind when she moved
several days after the final divorce decree was entered.  This evidence supports the trial court=s decision to not issue an enforcement order.

Furthermore, although the
trial court in this case may have had the authority to enter the enforcement
order that Rhonda requested, here, the decision of whether to exercise that
authority was well within the trial court=s discretion.  See id. '' 9.006, 9.009; In re M.K.R., 216 S.W.3d at 61; In re
Marriage of McDonald, 118 S.W.3d at 832. 
Accordingly, we cannot say that the trial court abused its discretion by
denying Rhonda=s
petition.  See Downer, 701 S.W.2d
at 241B42; Butnaru, 84 S.W.3d at 211.








IV.  The Trial Court=s Order on the Motion to Clarify

In the alternative, Rhonda
urges that because the final divorce decree had no provisions regarding how the
actual transfer of property from Rhonda to Gary was to occur, the trial court
should have at least entered a clarifying order, presumably setting forth the
duties of each party to deliver or obtain the property.  

A.     Standard of Review

If the trial court finds Athat the original form of the division of property is not specific
enough to be enforceable by contempt, the court may render a clarifying
order setting forth specific terms to enforce compliance with the original
division of property.@  Tex.
Fam. Code Ann. ' 9.008(b)
(emphasis added); McKnight v. Trogdon-McKnight, 132 S.W.3d 126, 130
(Tex. App.CHouston
[14th Dist.] 2004, no pet.).  As the
statute=s language indicates, the trial court is not bound to enter a
clarifying order if, in the court=s best judgment, such an order is not necessary.  See Tex.
Fam. Code Ann. ' 9.008(b); Tex. Gov=t Code Ann. ' 311.016(1) (Vernon 2005) (stating that courts should construe the
term Amay@ as creating
discretionary authority).  Therefore, we
review the trial court=s decision
to deny Rhonda=s request
for clarification under an abuse-of-discretion standard.

 








B.     Rhonda=s Request for Clarification

Here, Rhonda complains that
the language awarding her the property does not specifically order how the
transfer of property is to take place. 
The decree specifically awarded Rhonda the sole right to the disputed
separate property and completely divested Gary of any right to the property.  The decree additionally established that A[t]his decree shall serve as a muniment of title to transfer of
ownership of all property awarded to any party.@  The decree additionally
mandated that Rhonda would have the exclusive right to enjoy the use and
possession of the residence where the property was located for thirty days
after the divorce decree was signed. 

Therefore, in light of the
evidence that Rhonda left behind numerous items of the property awarded to her
when she moved from the residence (and yet took approximately sixty of the
other items of personal property awarded to her by Exhibit A) and that Gary had
never refused her access to the property, and in the absence of any evidence
that Rhonda had ever asked Gary if she could come get the property or asked him
to deliver the property to her, we cannot say that the trial court abused its
statutory, discretionary authority by declining to clarify the divorce
decree.  See Tex. Fam. Code Ann. ' 9.008(b); Shankes v. Treadway, 110 S.W.3d 444, 447 (Tex.
2003).  








Accordingly, because the
trial court did not abuse its discretion by refusing to enter a motion to
enforce or by declining to enter an order clarifying the divorce decree, we
overrule Rhonda=s sole
issue. 

V.  Conclusion

Having overruled Rhonda=s sole issue, we affirm the trial court=s order.

 

SUE
WALKER

JUSTICE

 

PANEL F:    HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: June 5, 2008











[1]See Tex. R. App. P. 47.4.





[2]During
the pendency of this appeal, the trial court entered an order regarding child
support arrearages.  Because this appeal
is limited to the trial court=s ruling on Rhonda=s petition
for enforcement of property division, the trial court=s
subsequent order has no bearing on this opinion.