

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-349-CV**

IN THE INTEREST OF S.N.A.,
A MINOR CHILD

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In three issues, A.N.A. appeals from the trial court's order rendering judgment against him for past due child support and attorney's fees. We affirm.

On April 6, 1992, Canadian residents, A.N.A. and B.B.P., were divorced in a Canadian court. The court awarded B.B.P. custody of the minor child of the marriage, S.N.A., and ordered A.N.A. to pay child support.

------

[1] *See* Tex. R. App. P. 47.4.

When B.B.P. and S.N.A. later moved to Texas, B.B.P. filed a petition to register the Canadian judgment in Tarrant County.[2] B.B.P. alleged that, as of November 23, 2004, A.N.A. owed past due child support totaling "at least $105,300 without interest." Thereafter, B.B.P. filed a petition to modify child support and reduce the unpaid child support to judgment. She alleged that A.N.A. had "failed and refused to make child support payments pursuant to the foreign order" and she requested that the trial court issue an order establishing child support in accordance with Texas child support guidelines.[3] In response, A.N.A. filed a general denial and asserted that he had paid B.B.P. "substantial sums of money" and was not indebted to her. The trial court conducted a final hearing on B.B.P.'s motion on April 27, 2007.[4]

On July 18, 2007, the trial court rendered judgment against A.N.A. for $134,039.27 in past due child support and interest as of April 27, 2007, and for $8,900.00 in attorney's fees and costs of trial. The order also provided for appellate attorney's fees.

---

[2] *See* Tex. Fam. Code Ann. § 159.602 (Vernon 2002 & Supp. 2008) (delineating the procedure to register a foreign support order).

[3] *See id.* §§ 154.125, 154.126 (Vernon 2002 & Supp. 2008) (establishing statutory child support guidelines).

[4] A.N.A., then a resident of France, participated by telephone pursuant to the parties' agreement.

In his first issue, A.N.A. contends for the first time on appeal that the Canadian order is too vague and ambiguous to support the trial court's judgment because it is "rife with confusion and ambiguity."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.[5] If a party fails to do this, error is not preserved, and the complaint is waived.[6] A.N.A. raised no objection to the Canadian order in the trial court on the grounds that it was too vague to be enforced. Therefore, we hold that A.N.A. has failed to preserve his vagueness complaint with a timely request, objection, or motion stating the specific grounds for his desired ruling.[7] Issue one is overruled.

In his second issue, A.N.A. contends that the trial court erred in not calculating the amount of interest that had accrued on the arrearage he owed under the Canadian order based on Canadian law. Section 159.604(a)(2) of the Texas Family Code provides, in pertinent part, that the "law of the issuing state governs . . . the computation and payment of arrearages and accrual of interest

---

[5] Tex. R. App. P. 33.1(a).

[6] *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

[7] Tex. R. App. P. 33.1(a)(1)(A).

3

on the arrearages under the support order[.]"[8]  Under Texas Rule of Evidence 203, however, a party intending to raise an issue concerning foreign law must give notice in the pleadings or "other reasonable written notice," and at least thirty days before trial furnish to all parties copies of any written materials or sources that the party intends to use as proof of the foreign law.[9]

Although A.N.A. attached a copy of the Canadian order to his pleadings, he provided no notice in the pleadings or other written notice that he intended to assert that Canadian law be applied.  Nor did he provide to B.B.P. or the trial court any materials proving Canadian law governing interest rates on arrearages.  Choice of law issues can be waived if not properly invoked.[10] Because A.N.A. did not properly invoke Canadian law by complying with either the letter or the spirit of rule 203, we hold that he has waived his complaint for review.[11]  Therefore, we overrule A.N.A.'s second issue.

---

[8] Tex. Fam. Code Ann. § 159.604(a)(2) (Vernon Supp. 2008).

[9] Tex. R. Evid. 203.

[10] *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 919 (Tex. 1993).

[11] *See id.; see also PennWell Corp. v. Ken Assocs., Inc.* 123 S.W.3d 756, 762 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (party asserting judgment interest differed under Japanese law failed to sufficiently apprise trial court of Japan's judgment interest laws); *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 769 (Tex. App.—Corpus Christi 1999, pet. denied) ("A preliminary motion is . . . necessary to assure the application of the laws of

4

In his third issue, A.N.A. contends that the trial court abused its discretion in awarding $8,900 in attorney's fees and costs for trial, augmented by additional sums in the event of an unsuccessful appeal, because the evidence is factually insufficient to support the award.

The Texas Family Code expressly provides for attorney's fees in proceedings to enforce a foreign judgment concerning child support obligations.[12] We review the trial court's award of attorney's fees for an abuse of discretion and may reverse only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable.[13] The party that complains of abuse of discretion has the burden to bring forth a record showing

---

another jurisdiction."); 1 Steven Goode, et. al.,*Texas Practice: Guide to the Texas Rules of Evidence* § 203.1 (3d ed. 2002) ("[The] provision is quite self-explanatory."). Even assuming the attachment of the Canadian order to A.N.A's pleadings was adequate to give notice that he intended to use Canadian law, he still waived his point because he did not furnish the parties or the trial court copies of the materials with which he intended to use to prove Canadian law. *See* Tex. R. Evid. 203.

[12] *See* Tex. Fam. Code Ann. § 159.313 (Vernon 2002).

[13] *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649, 651 (Tex. 1970); *see Chavez v. Chavez*, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999, no pet.) (recognizing review of award of attorney's fees in enforcement proceeding is under an abuse of discretion standard); *Schneider v. Schneider*, 5 S.W.3d 925, 930 (Tex. App.—Austin 1999, no pet.) (same).

such abuse.[14]   When considering the factual sufficiency of the evidence, we assess all the evidence and reverse only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.[15]

What constitutes reasonable attorney's fees is a question of fact, but clear, direct, and uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted the evidence.[16]  The Supreme Court of Texas has adopted eight factors to be used by the factfinder to determine the reasonableness of attorney's fees:[17]

(1)   The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;

(2)   The likelihood that the acceptance of the particular employment will preclude other employment by the attorney;

---

[14] *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987); *see Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968).

[15] *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex. 1986).

[16] *See Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex. 1990); *Grace v. Duke,* 54 S.W.3d 338, 344 (Tex. App.—Austin 2001, pet. denied); *First Tex. Sav. Ass'n of Dallas v. Dicker Center, Inc.,* 631 S.W.2d 179, 188 (Tex. App.—Tyler 1982, no writ).

[17] *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex. 1997).

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the attorney performing the services; and

(8) Whether the fee is fixed or contingent on results obtained—that is, the uncertainty of collection before the legal services have been rendered.[18]

These factors are not exclusive and a plaintiff is not required to present evidence of all eight factors.[19]

At trial, B.B.P.'s attorney testified as follows:

I'm licensed to practice law in the state of Texas. I've been continually licensed to practice law in Texas since 1974.

---

[18] *Id.*

[19] *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.,* 21 S.W.3d 732, 742 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Other matters that can be considered include the entire record and the amount in controversy. *Hagedorn v. Tisdale,* 73 S.W.3d 341, 353 (Tex. App.—Amarillo 2002, no pet.); *Chilton Ins. Co. v. Pate & Pate Enters.,* 930 S.W.2d 877, 896 (Tex. App.—San Antonio 1996, writ denied).

I routinely handle family law matters in Tarrant County. I'm familiar with the fees charged in Tarrant County, Texas, for the type of case that the court is considering today.

We have an agreement with Ms. [B.B.P.] which is a standard fee arrangement. Charge her the sum of $350 per hour. Through today we've spent approximately 15 hours on this case for a total of $5,250.

We agreed to pay Mr. Cocanower the sum of $3,500 for his testimony today and the computation of the child support that he made and testified to earlier which was a somewhat difficult computation as the court can gather.

We advanced $124 in cost. The total with the cost, attorney's fees, Mr. Cocanower's fees is $8,874. We would ask for judgment in that amount and we would ask that the judgment specify that it was for enforcement of the child support obligation.

No controverting testimony or evidence was introduced.

Based on this record, we conclude that the trial court did not abuse its discretion in awarding $8,900 in attorney's fees and costs of trial. Additionally, A.N.A. has failed to bring forth any evidence whatsoever in the record that might show on what ground the trial court made its award of attorney's fees in the event of an appeal. Absent such a record, we must presume that the evidence before the trial judge was adequate to support the decision.[20] We overrule A.N.A.'s third issue.

---

[20] *Simon*, 739 S.W.2d at 795.

8

Having overruled all three issues on appeal, we affirm the trial court's judgment.

JOHN CAYCE
CHIEF JUSTICE

PANEL: CAYCE, C.J.; GARDNER and WALKER, JJ.

WALKER, J., concurs without opinion.

DELIVERED: November 20, 2008