

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-12-00397-CV

FABIAN THOMAS                                                  APPELLANT

V.

DENISE DANIEL                                                   APPELLEE

----------

## FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Fabian Thomas appeals the trial court's order awarding attorney's fees in favor of appellee Denise Daniel. We affirm.

## I. BACKGROUND

The final divorce decree between Thomas and Daniel was entered on September 23, 2011. During the divorce, the parties agreed to equally distribute their retirement accounts. On March 19, 2012, Thomas appealed, complaining of

[1]See Tex. R. App. P. 47.4.

several property division issues. On June 29, 2012, Thomas filed a motion asking the trial court to enter three Qualified Domestic Relations Orders (QDROs). Thomas stated that he attached the three proposed QDROs for the trial court's signature, but the record does not show that the proposed QDROs were attached to the motion. Thomas further asserted that he had emailed the proposed QDROs to Daniel's attorney, Brook Stuntebeck, but Stuntebeck would not agree to the proposed QDROs.

Pursuant to Thomas's request the trial court scheduled a hearing on his motion for entry of the QDROs for July 27, 2012. Thomas did not appear at the hearing, but Stuntebeck did.[2] Due to the pending appeal, the trial court dismissed Thomas's motion.

Thomas filed a subsequent motion to enter QDROs on August 10, 2012, in which he referenced his prior proposed QDROs and once again asserted that he had delivered them to Stuntebeck. Stuntebeck again requested significant corrections to the proposed QDROs.

We dismissed Thomas's appeal regarding the property division issues on August 23, 2012, after he moved to voluntarily dismiss. *Thomas v. Daniel*, No. 02-12-00107-CV, 2012 WL 3600060, at *1 (Tex. App.—Fort Worth Aug. 23, 2012, no pet.) (mem. op.). Stuntebeck responded to Thomas's second motion to

---

[2]Thomas later explained that he did not appear because his appeal from the divorce decree was still pending. He did not cancel the hearing with the court or notify opposing counsel of his intent not to appear.

2

enter the QDROs on August 24, 2012 and requested attorney's fees, stating that she had made multiple requests for Thomas to correct the proposed QDROs. Stuntebeck attached to her response her correspondence with Thomas in which she requested that Thomas make substantial corrections to the proposed QDROs. Thomas made the requested changes to the proposed QDROs on August 30, 2012.

On August 31, 2012, the trial court held a hearing on Thomas's motion. At the hearing, Stuntebeck requested $1,862.50 in attorney's fees for the time she spent reviewing Thomas's proposed QDROs and for appearing at the hearings. To support her request, Stuntebeck testified as to (1) the hourly rates of everyone who worked on the case and (2) the extensive corrections she requested to the proposed QDROs. Thomas objected to the "entire admission of the attorney's fees." He specifically argued that he originally prepared the proposed QDROs, Stuntebeck's edits were negligible, and he made the edits only to satisfy Stuntebeck. The trial judge stated that he would compare Thomas's proposed QDROs with the agreed QDROs that were finally presented at the hearing in order to determine if the requested attorney's fees were reasonable.

The trial court ultimately ordered that Thomas pay Stuntebeck's attorney's fees in the requested amount by October 5, 2012. Thomas appealed this award and now argues that the trial court abused its discretion by ordering attorney's

3

fees that were not statutorily authorized and by considering Stuntebeck's unsworn testimony in support of the award of attorney's fees.

## II. DISCUSSION

### A. UNSWORN TESTIMONY

In his second issue, Thomas argues that the trial court abused its discretion by allowing Stuntebeck's unsworn testimony as to the amount of attorney's fees. During the hearing, Thomas objected to Stuntebeck's attorney's fees request and argued that the amount was unreasonable because Stuntebeck did not prepare the proposed QDROs, did not perform the work necessary to have them approved by the plan administrators, and did not require extensive changes to his proposed QDROs. He never objected that Stuntebeck's testimony was unsworn.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). Because Thomas failed to object, he failed to preserve his complaint concerning any failure to administer the oath. *See Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 890 (Tex. App.—Dallas 2011, pet. denied) (holding appellant's failure to object to lawyer's unsworn testimony as to attorney's fees waived any

4

claim that the lawyer's testimony was inadmissible); *De La Garza v. Salazar*, 851 S.W.2d 380, 383 (Tex. App.—San Antonio 1993, no writ) ("[B]y failing to object to the informal presentation of evidence appellant has not preserved the right to complain about the absence of sworn evidence.")  We overrule issue two.

## B. REASONABLENESS OF ATTORNEY'S FEES

In his first issue, Thomas argues that the trial court abused its discretion by awarding attorney's fees to Daniel.  Specifically, Thomas argues that (1) there is no applicable statute authorizing attorney's fees and (2) there is no evidence to support the demand for attorney's fees.  When determining an award of attorney's fees, a trial court must examine the language of the applicable statute in order to decide whether attorney's fees are discretionary or mandatory.  When a trial court "may" award reasonable attorney's fees, the award is discretionary; thus, neither party is entitled to attorney's fees as a matter of law.  *See Schneider v. Schneider*, 5 S.W.3d 925, 930 (Tex. App.—Austin 1999, no pet.).  Under family code section 9.106, which applies to post-decree QDRO issues, an attorney's fee award is discretionary.  Tex. Fam. Code Ann. § 9.106 (West Supp. 2012).  In order to be entitled to a discretionary award of attorney's fees, the requesting party must file a pleading making that affirmative request.  *See Klaver v. Klaver*, 764 S.W.2d 401, 405 (Tex. App.—Fort Worth 1989, no writ).

We review a non-mandatory attorney's fees award for an abuse of discretion.  *Smith v. McCarthy*, 195 S.W.3d 301, 304 (Tex. App.—Fort Worth 2006, pet. denied) (op. on reh'g); *Ross v. 3D Tower Ltd.*, 824 S.W.2d 270, 273

5

(Tex. App.—Houston [14th Dist.] 1992, writ denied). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). A trial court also abuses its discretion by ruling without supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). But an abuse of discretion does not occur when the trial court bases its decision on conflicting evidence and when some evidence of substantive and probative character supports its decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). We cannot conclude that a trial court abused its discretion merely because we would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

The reasonableness of attorney's fees, which is a question of fact, can be based on several factors. *Thomas v. Thomas*, 917 S.W.2d 425, 437 (Tex. App.—Waco 1996, no writ) (stating factors that may be considered are nature and complexity of case, amount in controversy, amount of time and effort required, expertise of counsel in arriving at a reasonable amount of attorney's fees, and trial judge's expertise). The trial court may look at the entire record when considering attorney's fees. *Chavez v. Chavez*, 12 S.W.3d 563, 566 (Tex. App.—San Antonio 1999, no pet.); *Bloom v. Bloom*, 767 S.W.2d 463, 471 (Tex. App.—San Antonio 1989, writ denied).

6

At the hearing, Stuntebeck testified as to the applicable hourly rates and the amount of work done on Thomas's proposed QDROs. She further submitted her billing records. Finally, the trial court took judicial notice of the court's file and compared Thomas's proposed QDROs to the QDROs ultimately entered. The process of completing the QDROs lasted for approximately seven months with Stuntebeck requesting substantive changes for that entire period, which were finally made the day before the hearing. Stuntebeck appeared at the hearing requested by Thomas in July, which Thomas failed to appear at, and thereby incurred attorney's fees chargeable to Daniel. Stuntebeck performed work on the proposed QDROS, including completely re-drafting one of Thomas's proposed QDROs. The trial court did not abuse its discretion by awarding attorney's fees as requested in a properly filed pleading in this proceeding to enter a post-decree QDRO. *See* Tex. Fam. Code Ann. § 9.106; *Schneider*, 5 S.W.3d at 930; *see also Chavez*, 12 S.W.3d at 566. The evidence sufficiently supports the trial court's order. We overrule Thomas's first issue.

### III. CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's order.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DELIVERED: July 18, 2013