

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00604-CV

Cary **WILKE**,
Appellant

v.

Vickie **PHILLIPS** a/k/a Vickie Phillips-Wilke,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 8347
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:     Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 13, 2013

REVERSE AND REMAND

On July 21, 1997, the trial court signed the Final Decree of Divorce between appellant, Cary Wilke, and appellee, Vickie Phillips.  The decree awarded appellee the house located at 104 West Mulberry, Fredericksburg, Texas.  The decree also awarded appellant "[t]he sum of $40,000 to be paid by [appellee] when the real property at 104 West Mulberry, Fredericksburg, Texas is sold from the proceeds of the sale.  Such sale shall be at the sole discretion of [appellee]."  Fifteen years have passed and appellee has not paid the $40,000 to appellant because she has not sold the house and continues to reside in it.  Appellant filed suit on January 6, 2012, seeking appointment

of a receiver and enforcement of the divorce decree through a petition for enforcement of property division by contempt. Appellee responded by filing her answer and a motion to dismiss. The trial court granted appellee's motion to dismiss. We reverse and remand.

## STANDARD OF REVIEW

We review the trial court's ruling on a motion to dismiss under an abuse-of-discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001). To determine whether the trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Even if a reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## ANALYSIS

In his first issue, appellant contends the trial court erred in granting appellee's motion to dismiss. In its order granting appellee's motion to dismiss, the trial court stated "[appellee's] Petition for Enforcement of Property Division by Contempt is hereby dismissed in accordance with Texas Family Code [section] 9.003." In its Findings of Fact and Conclusions of Law, the trial court found appellant's "suit/claims/motions" were "barred under the provisions of [s]ection 9.0[0]3 (a) and/or (b) of the Texas Family Code." Section 9.003 provides:

> (a) A suit to enforce the division of tangible personal property in existence at the time of the decree of divorce or annulment must be filed before the second anniversary of the date the decree was signed or becomes final after appeal, whichever date is later, or the suit is barred.

> (b) A suit to enforce the division of future property not in existence at the time of the original decree must be filed before the second anniversary of the date the right to the property matures or accrues or the decree becomes final, whichever date is later, or the suit is barred.

TEX. FAM. CODE ANN. § 9.003 (West 2006).

Appellant argues section 9.003(a) is not applicable here because there was no "tangible personal property" in existence on July 21, 1997. Appellee responds the suit is barred under section 9.003(a) "if the award is perceived as tangible personal property." Both appellant and appellee contend section 9.003(b) is not applicable because appellant's right to the $40,000 has yet to accrue because it is contingent upon the sale of the house, which has yet to occur.

"Tangible personal property" is not defined in the Texas Family Code. The Texas Tax Code, however, defines it as "personal property that can be seen, weighed, measured, felt, or touched or that is perceptible to the senses in any other manner . . . ." TEX. TAX CODE ANN. § 151.009 (West 2008). Although the $40,000 awarded to appellant came from a specific source— the future sale of the house at 104 West Mulberry—it was a monetary award. The divorce decree did not award appellant an interest in the house itself. Although "goods" are considered tangible personal property, *see* TEX. FIN. CODE ANN. § 371.003 (West 2006), money is not considered a "good" or "tangible chattel," but is instead "a currency of exchange that enables the holder to acquire goods." *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980). We conclude the $40,000 monetary award does not constitute tangible personal property under section 9.003(a). *See Gentile v. Gentile*, No. 13-04-167-CV, 2007 WL 271144, at *1 (Tex. App.—Corpus Christi 2007, pet. denied) (mem. op.) ("Because cash is intangible property, rather than tangible personal property, the two-year limitations period in section 9.003(a) is inapplicable."); *see also Ford v. Ford*, No. 14-99-00246-CV, 2000 WL 1262469, at *2 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (mem. op.) (holding section 9.003 inapplicable to monetary award).

Additionally, even if an award of money were considered tangible personal property, it would not be considered "in existence" at the time the divorce decree was signed because the divorce decree specifies the $40,000 is to be paid from the "proceeds" of the sale of the house. "Proceeds" are not considered to be in existence until after disposition of the property occurs. *See*

*Chavez v. Chavez*, 12 S.W.3d 563, 564 (Tex. App.—San Antonio 1999, no pet.) (holding proceeds from sale of stock constituted future property not in existence at time of divorce decree). Accordingly, we conclude appellant's $40,000 award constituted future property not in existence at the time the divorce decree was signed. As a result, section 9.003(a) does not apply in this case.

With respect to section 9.003(b), a suit to enforce the division of future property must be filed within two years "of the date the right to the property *matures* or *accrues* . . . or the suit is barred." TEX. FAM. CODE § 9.003(b) (emphasis added). Here, the issue is when appellant's cause of action would accrue. The divorce decree provides appellant is to receive $40,000 from the proceeds of the sale of the house, and that such sale is at the "sole discretion" of appellee. The decree provides no date by which the sale was to occur.

Appellant and appellee both cite to *Chavez* in support of their arguments that section 9.003(b) does not apply. The circumstances in *Chavez* involved the proceeds of the sale of stock. *Chavez*, 12 S.W.3d at 564. Like the decree in this case, Chavez's decree did not specify when the sale of the stock was to occur. *Id*. This court recognized Chavez's right to the proceeds was subject to a condition precedent that the stock must first be sold. *See id*. Similarly, appellant's right to the proceeds of the sale of the house is also subject to the condition precedent that the house must first be sold. Only upon the sale of the house will appellant's right to the monetary award mature or accrue. Thus, we agree with appellant and appellee that section 9.003(b) does not apply in this case.

Because section 9.003 does not apply, the trial court erred in granting appellee's motion to dismiss. Therefore, we reverse the trial court's order of dismissal.

In appellant's Petition for Enforcement of Property Division by Contempt, he alleged as follows:

> The understanding of [appellant] was the payment of the $40,000, a percentage of the $86,387.99 of economic contribution from [appellant's] separate property would be paid shortly after the divorce. Further, the delay in payment of the $40,000 by [appellee] was provided to allow [appellee] to seek refinancing or to pay off the first mortgage not to indefinitely delay the payment.
>
> Since the divorce was final, [appellee] paid off the first mortgage on 104 West Mulberry, Fredericksburg, Texas. This is evidence[d] by the execution of release of lien executed August 10, 2006 and filed of record September 22, 2006 by American Bank of Texas.
>
> [Appellee] has made no effort to satisfy the $40,000 award due [appellant]. [Appellee] has made no contact and taken no action that [appellant] is aware of toward satisfaction of the debt.

Among other things, appellant asked the trial court to enter a "clarifying order more clearly specifying the duties imposed on [appellee] and giving [appellee] a reasonable time within which to comply." In his Motion for Appointment of Receiver, appellant contended he and appellee could not agree on the terms of sale of the property, and unless a receiver was appointed, he would suffer irreparable harm in addition to losses already incurred. The appellee responds that the divorce decree provides the sale of the house is "in her sole discretion." Because the trial court erred in dismissing the case pursuant to section 9.003, we must remand this case for consideration of the merits of appellant's request for relief.[1]

## CONCLUSION

We reverse the trial court's order granting the motion to dismiss and remand the case to the trial court for further proceedings.

Sandee Bryan Marion, Justice

---

[1] In issues two and three, appellant raises issues regarding the merits of his underlying claim. As stated, these issues are for the trial court to consider upon remand. Therefore, we do not address them on appeal. *See* TEX. R. APP. P. 47.1.